NATHANIEL BROWNFIELD V. UNION PACIFIC RAILROAD COMPANY.

FILED SEPTEMBER 20, 1905. No. 13,822.

**Trial:** INSTRUCTIONS. Where a party has produced proof tending to sustain his theory of the case, he is entitled to have such theory submitted to the jury by suitable instructions, without qualifying words calculated to mislead the jury into the belief that, although they may find the theory of such party to be true, they may return a verdict for the opposing party.

ERROR to the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Warrington & Stewart,* for plaintiff in error.

*John N. Baldwin, Edson Rich, John A. Sheean* and *E. A. Cook, contra.*

JACKSON, C.

This is a proceeding in error to reverse a judgment of the district court for Dawson county, Nebraska. The plaintiff in error sued the defendant in error in the court below to recover the value of certain cattle, which in his petition he claims were killed by having been run over by certain of defendant's engines at a place where by law the defendant was required to maintain a fence along each side of its right of way; it being alleged in the petition that the defendant negligently omitted to maintain a suitable and sufficient fence along the south side of its right of way, and that a large number of plaintiff's cattle strayed upon defendant's right of way and railroad track, without any neglect or fault on the part of the plaintiff, and while said cattle were so on the defendant's railroad track the defendant, by its servants and employees, carelessly and negligently and without due caution, propelled certain of its engines, with cars attached thereto, over and upon fifteen head of the plaintiff's cattle, killing eleven and injuring and crippling four. The defendant, by its answer, denied that it did not maintain a suitable fence along each side of its right of way, and alleged that it did maintain such fence and that the same was in good repair. It admitted that it was a corporation, and denied each and every other allegation in the petition. It further alleged that if any injury was caused to said stock it was due to the carelessness and negligence of the plaintiff, and not by the carelessness or negligence of the defendant or any of its servants. The reply was a denial of any care-

lessness or negligence on the part of the plaintiff. There was a trial to the court and a jury, resulting in a judgment and verdict for the defendant. The plaintiff prosecutes error.

The evidence discloses that in the night time on the 16th day of August, 1903, a large number of the plaintiff's cattle entered upon the right of way of the defendant, and that a passing train struck and killed eleven cattle and injured four others.

Many assignments of error are presented by the petition, including the giving of instructions numbered 7 and 9, given by the court on its own motion. Instruction numbered 7 reads as follows: "The court instructs the jury that by the law of this state the defendant was required to erect and maintain a fence suitable and amply sufficient to prevent cattle from getting onto the railroad track, at and along the right of way, where the cattle were killed and injured. If plaintiff satisfies you by a preponderance of the evidence that defendant failed to keep and maintain such a fence as herein described, and that the cattle were killed and injured because of such fact, then the defendant is liable, and your verdict will be for the plaintiff, unless you find for the defendant upon other instructions herein given." It is contended that this instruction is erroneous because of the words, "Unless you find for the defendant upon other instructions herein given." With this contention we agree. The plaintiff was entitled to an instruction advising the jury that, if they were satisfied by a preponderance of the evidence that the defendant failed to keep and maintain a fence suitable and amply sufficient to prevent the cattle from getting onto its railroad track, and that, if by reason of that fact, the plaintiff's cattle escaped upon the railroad track and were killed, the defendant was liable, and that their verdict should be for the plaintiff. He was entitled to that instruction without qualification. The qualifying words added can have but one meaning, and that is, that under a certain state of facts it was the duty of the jury

to find for the plaintiff, unless they should find for the defendant. There is some evidence in the record tending to show that the fence in question was not suitable for the purpose required by the statute, and the evidence is undisputed that on the morning after the cattle were killed some of the wires were down in at least two places, and for that reason the error in the instruction was prejudicial.

Instruction numbered 9 is as follows: "The court instructs the jury that, if you find from the evidence that the stock escaped upon the track of the defendant through a gate erected by the company for the accommodation of the plaintiff, and the plaintiff at the time had failed to lock and secure the gate, and by reason of such failure on his part the stock went through such gate and upon the track and were there killed, then the defendant is not liable to the plaintiff for such killing, unless you should further find that the killing or injury to such cattle was done through the negligence of the servants of defendant in operating their train." The particular portion of this instruction complained of is that part reading as follows: "And the plaintiff at the time had failed to lock and secure the gate, and by reason of such failure on his part the stock went through such gate and upon the track and were there killed, then the defendant is not liable." It is doubtless true that the only obligation resting upon the plaintiff with reference to the gate was to close and secure the same with the means provided for that purpose by the defendant. He was not required to lock the gate, which according to the ordinary meaning of the word lock would be to lock the gate with a key. No such obligation could be imposed upon the plaintiff, especially under the facts in this case, which disclose that such was not the means provided by the defendant for securing the gate. The giving of the latter instruction, however, might not be held to be prejudicial, because the undisputed evidence is that on the evening before the cattle were killed the gate was fastened in the manner provided by the company for that

purpose, and that the means so provided were amply sufficient for the purpose intended.

For the error in instruction numbered 7 we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.